PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESBER BEVERAGE COMPANY, | ) | CASE NO. 5:10-cv-00387 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | BENITA Y. PEARSON |
| FOLIO WINE COMPANY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | **(Resolving ECF No 34 *via* ECF No. 30)** |
| | ) | |
| | ) | |

## I. Introduction

Plaintiff Esber Beverage Company's ("Plaintiff") has requested that the Court stay discovery on the issue of damages until the Court has rendered a decision on pending cross-motions for summary judgment. ECF No. 34 at 1. For the following reasons, the undersigned denies Plaintiff's motion in its entirety.

## II. Background and Analysis

The motion to stay discovery arises out of a discovery dispute, brought to the attention of the Court by the Folio Wine Company, LLC, *et al.* ("Defendants"), wherein Defendants certified, pursuant to Local Rule 37.1, that Plaintiff has refused to produce financial documents in response to Defendants' First Set of Requests for Production of Documents numbered 7, 8, and 9. ECF No. 29. Plaintiff justifies its failure to produce the responsive financial information due to the confidential and proprietary nature of the responsive documents. Plaintiff also argues that the

10-cv-00387

requested documents are irrelevant at this stage of the litigation because the Court has yet to determine the threshold issue of liability and the financial documents only illuminate the damages suffered by Plaintiff and have no relevance to the threshold issue.  ECF No. 32.

Defendants contend that the documents in dispute are, in fact, relevant.  They argue that the issue of damages is not only a significant part of Plaintiff's complaint against the Defendants, but also Plaintiff's refusal to supply this information has been prejudicial to Defendants, with respect to preparing a defense to Plaintiff's claims, in general, and responding to Plaintiff's motion for summary judgment, in particular.  ECF Nos. 29 & 35 at 3& 36.

On October 25, 2010, pursuant to Local Rule 37.1, the undersigned conducted a telephone conference between the two parties in an attempt to resolve the dispute.  After hearing the arguments of counsel, the undersigned specifically ordered Plaintiff to provide the Court with a supplemental legal memorandum supporting Plaintiff's position that the financial information in dispute should not be produced at this stage of the litigation.  *See* ECF Minutes of Proceedings dated 10/25/2010.

In response to the Court's order, Plaintiff submitted its "Motion to Stay Damages" averring that the Ohio Alcoholic Beverages Franchise Act ("OABFA") expressly protects the confidential and proprietary financial information of distributors.[1]  ECF No. 34 at 10-16.  The

---

[1] Plaintiff also relies heavily upon *Lenker v. Nat'l Serv. Indus.*, 2006 U.S. Dist. Lexis 13235, *6 (S.D. Ohio 2006), non-binding case law, which allows the Court to grant a stay when an "evaluation of the strength of the summary judgment motion, coupled with the relative need for the information requested and the burden involved in producing it, suggests that a stay is a sound exercise of judicial discretion."  Although the Court agrees that the rulings on the pending summary judgment motions will influence what evidence is relevant in later stages of the instant litigation, the undersigned does not find that Plaintiff's purported hardship to produce the

10-cv-00387

undersigned is not persuaded by Plaintiff's submission. Plaintiff has failed to demonstrate that the OABFA, or any other legal authority, *requires* the Court to grant a stay of financial discovery in this circumstance, when a plaintiff has sued for damages.[2]

The Court is well aware that "trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). It would, however, be an abuse of the Court's discretion to stay discovery when doing so would prevent the party opposing summary judgment from demonstrating factual disputes relevant to the motion for summary judgment. *Allstate Life Ins. Co. v. The Estate of John Miller*, 2004 U.S. Dist. Lexis 1158, *4, (S.D. Ohio 2004) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)).

---

documents outweighs the prejudice that would be experienced by Defendants if the Court delayed the production of the financial documents. This is especially true, given that there are other means for Plaintiff to protect its proprietary information, such as a protective order, which would not have the prejudicial effect that staying discovery and necessarily delaying any post-summary judgment litigation.

[2] OABFA prohibits manufacturers from requiring "a distributor to submit profit and loss statements, balance sheets, or financial records as a requirement to retain its franchise." O.R.C. §1333.84(C). Defendants are not requesting financial information as a requirement to retain Plaintiff's franchise. Thus, the statute is inapplicable in this case.

Plaintiff also highlights O.R.C. §1333.851(B)(1), which stipulates that when a successor manufacture acquires the stock of assets of another manufacturer through merger or acquisition or is the assignee of a particular product or brand of alcoholic brand, "the distributor shall provide the successor or manufacturer with the three previous years of financial statements and other relevant and reasonably necessary financial information regarding the diminished value of the distributor's business." The Court does not find this provision relevant to the discussion at hand as neither Plaintiff or Defendants consider this matter a termination applicable to the provision of O.R.C. §1333.851(B)(1). ECF. No. 34 at 1.

10-cv-00387

The Court concludes that Defendants are entitled to receive the responsive financial documents in dispute. Defendants requests fall squarely within the permissible scope of discovery pursuant to Fed. R. Civ. P. 26, which is to be liberally construed in favor of allowing discovery. *Dunn v. Midwestern Indemnity*, 88 F.R.D. 191, 181 (S.D. Ohio 1980). The discovery requested by Defendants is, minimally, necessary to Defendants' defense against Plaintiff's claims of damages and request for injunctive relief. Moreover, the Court finds little justification for implementing a partial stay of discovery when the fact discovery period ended on September 30, 2010 and Plaintiff has, to date, failed to request to a bifurcation of the damage issue.

The crux of the discovery dispute seems to be Plaintiff's fears regarding Defendants' use and disclosure of what Plaintiff deems confidential and proprietary financial information.[3] A protective order rather than a stay of discovery is the more appropriate resolution. Federal Rules of Civil Procedure 26(c) permits courts to issue a protective order, if justice requires and to protect individuals from "annoyance, embarrassment, oppression, or undue burden or expense." A protective order would balance Plaintiff's concerns about disclosure against the Defendants' right to discovery.

### III. Conclusion

For the reasons provided above, Plaintiff's motion to stay discovery is denied. Plaintiff is ordered to produce the documents responsive to Defendants' First Set of Requests for Production of Documents numbered 7, 8, and 9. To alleviate Plaintiff's concerns regarding disclosing

---

[3] Plaintiff believes that "a production of the financial records is tantamount to providing its [sic] direct competitor with its complete financial records." ECF No. 34 at 19.

10-cv-00387

confidential and proprietary information, the undersigned suggests that Plaintiff and Defendants' counsel jointly submit a Proposed Protective Order for the Court's review no later than noon on November 4, 2010. Nonetheless, Plaintiff's counsel must produce the responsive documents to Defendants' counsel by 4:00 p.m. on November 8, 2010.

IT IS SO ORDERED.

<u>November 2, 2010</u>        <u>/s/ Benita Y. Pearson</u>
Date       United States Magistrate Judge